UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv384

| | |
|---|---|
| JONATHAN LEE RICHES )<br>                                 )<br>     Plaintiff,            )<br>                                 )<br>    v.                     )<br>                                 )<br>JEFF GORDAN and HENDRICK )<br>MOTORSPORTS          )<br>                                 )<br>     Defendants.    )<br>_____) | **ORDER** |

THIS MATTER is pursuant to a complaint filed by Pro Se Plaintiff Jonathan Lee Riches. The Court will construe his complaint as an action pursuant to 42 U.S.C. §1983. Riches also submitted a motion to proceed in forma pauperis.

According to court records, Riches has filed at least three civil rights complaints that have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[1] Given this history, Riches may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

Since Riches has neither paid the filing fee or has he demonstrated that he is under "imminent danger of serious physical injury," his motion to proceed in forma pauperis is DENIED.

To state a cause of action under § 1983, a plaintiff must establish that he has been

---

[1] See Riches v. Bush. No. 4:06cv00442 (D. S.C. Mar. 22,2006); Riches v. Doe. No. I:07cv20042 (S.D. Fla. Jan. 24, 2007); Riches v. Swartz. No. 7:07cv00379 (W.D. Va. Aug. 13, 2007), Riches v. Bush. No. 4:06cv00442 (D. S.C. Mar. 22, 2006) among others.

deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Where an inmate is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action ... is frivolous . . . ." § 1915(e)(2)(B)(i). Fantastical or delusional claims are clearly baseless and, thus, are insufficient to withstand the court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez. 504 U.S. 25, 33 (1992); Neitzke v. Williams. 490 U.S. 319, 327 (1989). In this case, Riches' allegations are clearly fantastic and fail to establish that he has been deprived of a constitutionally or federally protected right. Therefore, the court finds that his complaint is frivolous and is DISMISSED ..

Since Riches has a long history of filing frivolous complaints with the court and since he has been warned on previous occasions that he cannot continue to make such filings without either paying the filing fee or demonstrating imminent danger of serious physical injury, the Court will not give Riches additional time to pay the filing fee or amend his complaint.

The clerk is directed to send a certified copy of this order and the accompanying memorandum opinion to the plaintiff.

IT IS SO ORDERED.

Signed: September 20, 2007

Graham C. Mullen
United States District Judge